### UNITED STATES of America, Plaintiff–Appellee,

### v.

### Fred BULL, Jr., Defendant–Appellant.

### No. 01–6161.

United States Court of Appeals, Fourth Circuit.

Submitted June 29, 2001.

Decided July 19, 2001.

Fred Bull, Jr., pro se. Nicholas Stephan Altimari, Office of the United States Attorney, Richmond, VA, for appellee.

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

PER CURIAM.

Fred Bull, Jr., seeks to appeal the district court's order denying his motions

filed under 28 U.S.C.A. § 2255 (West Supp.2000), and Fed.R.Civ.P. 59(e). We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court.* *United States v. Bull,* Nos. CR–95–73; CA–00–111 (E.D. Va. Nov. 14, 2000; filed Dec. 20, 2000 and entered Dec. 21, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

Robert Earl Marshall appeals the magistrate judge's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp.2000).[1] We have reviewed the record and the magistrate judge's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the magistrate judge.[2] *See Marshall v. Robertson,* No. CA–00–231–3 (E.D.Va. Jan. 2, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* Bull's claims based upon the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), are without merit. We recently held in *United States v. Sanders,* 247 F.3d 139 (4th Cir.2001), that the new rule announced in *Apprendi* is not retroactively applicable to cases on collateral review.